IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK J. FERNANDEZ, | ) | |
| Plaintiff(s), | ) | No. C 06-0888 CRB (PR) |
| v. | ) | ORDER OF SERVICE |
| DR. C DAVID, et al., | ) | (Doc # 2) |
| Defendant(s). | ) | |

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 1367 alleging inadequate medical care for severe hemorrhoids and bacterial infection of the penis and scrotum.  Plaintiff claims the inadequate treatment he received amounted to deliberate indifference to serious medical needs in violation of his Eighth Amendment rights and medical malpractice in violation of state law.

Plaintiff has paid the requisite filing fee, but seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 as to all other aspects of this litigation. Good cause show, plaintiff's request (doc # 2) is GRANTED.

**DISCUSSION**

A.     Standard of Review

        Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

        Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v Gamble, 429 US 97, 104 (1976).  Liberally construed, plaintiff's allegations state a cognizable claim for relief for deliberate indifference under § 1983, and for medical malpractice under California law, against the named defendants.  See id.

**CONCLUSION**

        For the foregoing reasons and for good cause shown,

        1.     The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants at PBSP:  Dr. C. David, Nurse Becker, MTA Ghram, Sergeant Trailer and Appeals

2

Coordinator D. W. Bradbury.  The clerk also shall serve a copy of this order on plaintiff.

2.      In order to expedite the resolution of this case, the court orders as follows:

a.      No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in

declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

d.      Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

e.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

4.      All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply

4

with the court's orders in a timely fashion.  Failure to do so may result in the

dismissal of this action under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: <u>June 2, 2006</u>

_____
CHARLES R. BREYER
United States District Judge

5