IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK J. FERNANDEZ, | ) | |
| Plaintiff(s), | ) | No. C 06-0888 CRB (PR) |
| v. | ) | SECOND ORDER OF SERVICE |
| DR. C DAVID, et al., | ) | |
| Defendant(s). | ) | |

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), filed a pro se civil rights complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 1367 alleging inadequate medical care for severe hemorrhoids and bacterial infection of the penis and scrotum. Per order field on June 6, 2006, the court found that plaintiff's allegations state a cognizable claim for relief for deliberate indifference to serious medical needs under § 1983 and for medical malpractice under California law, and ordered the United States Marshal to serve the named defendants. Despite several service attempts and inquiries to PBSP officials and deputy attorney generals at the Office of the Attorney General of California, it appears that none of the defendants have yet been served.

 1        In the interest of justice, the clerk again shall issue summons and the
 2   United States Marshal again shall serve, without prepayment of fees, copies of
 3   the complaint in this matter, all attachments thereto, and copies of this and all
 4   other orders, on the following defendants at PBSP:  Dr. C. David, Nurse Becker,
 5   MTA Ghram, Sergeant Traylor and Appeals Coordinator D. W. Bradbury.  The
 6   clerk also shall serve a copy of this order on plaintiff and the Office of the
 7   Attorney General of California.
 8        Defendants shall file an answer pursuant to the Federal Rules of Procedure
 9   and, no later than 90 days from the date of this order, file a motion for summary
10   judgment or other dispositive motion.  A motion for summary judgment shall be
11   supported by adequate factual documentation and shall conform in all respects to
12   Federal Rule of Civil Procedure 56, and shall include as exhibits all records and
13   incident reports stemming from the events at issue.  If defendants are of the
14   opinion that this case cannot be resolved by summary judgment or other
15   dispositive motion, they shall so inform the court prior to the date their motion is
16   due.  All papers filed with the court shall be served promptly on plaintiff.
17        Plaintiff's opposition to the dispositive motion shall be filed with the court
18   and served upon defendants no later than 30 days after defendants serve plaintiff
19   with the motion.
20        Plaintiff is advised that a motion for summary judgment under Rule 56 of
21   the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells
22   you what you must do in order to oppose a motion for summary judgment.
23   Generally, summary judgment must be granted when there is no genuine issue of
24   material fact--that is, if there is no real dispute about any fact that would affect
25   the result of your case, the party who asked for summary judgment is entitled to
26   judgment as a matter of law, which will end your case.  When a party you are

2

suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

SO ORDERED.

DATED:  Jan. 03, 2007

CHARLES R. BREYER
United States District Judge

3